# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Case No. 3:12-cv-1796 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | |
| iPad, A1337 | ) | **VERIFIED** |
| (CATS No. 12-IRS-001380), | ) | **COMPLAINT IN FORFEITURE** |
| | ) | |
| HP Pavilion Computer, A1310N | ) | |
| (CATS No. 12-IRS-001381), | ) | |
| | ) | |
| Macbook Air Computer | ) | |
| (CATS No. 12-IRS-001382), | ) | |
| | ) | |
| Approximately $2,574.07 in U.S. Currency converted from Iraqi Dinar (CATS No. 12-IRS-001383), | ) | |
| | ) | |
| HP Pavilion Computer Tower, A1310N (CATS No.12-IRS-001384), | ) | |
| | ) | |
| iMac A1312100, all-in-one Monitor and Computer (CATS No. 12-IRS-001385), | ) | |
| | ) | |
| Seagate Free Agent External Drive, SST310005FDA2E1-RK (CATS No. 12-IRS-001386), | ) | |
| | ) | |
| Great Quality Desktop Computer, 95064D73001Q42401318 (CATS No. 12-IRS-001387), | ) | |
| | ) | |
| HP DV1217 Laptop (CATS No. 12-IRS-001388), | ) | |
| | ) | |
| Defendants. | ) | |

1

NOW COMES plaintiff, the United States of America, by Steven M. Dettelbach, United States Attorney for the Northern District of Ohio, and Guillermo J. Rojas, Assistant U.S. Attorney, and files this Verified Complaint in Forfeiture, respectfully alleging, on information and belief the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

I. **NATURE OF ACTION AND JURISDICTION**

1. This is an action to forfeit seized properties to the United States. The seized properties, hereinafter referred to collectively as "defendant properties," consist of the following:

   a) IPad, A1337, (CATS No. 12-IRS-001380),
   b) HP Pavilion Computer, A1310N, (CATS No. 12-IRS-001381)
   c) Macbook Air Computer, (CATS No. 12-IRS-001382),
   d) Approximately $2,574.07 from converted Iraqi Dinar, (CATS No. 12-IRS-001383),
   e) HP Pavilion Computer Tower, A1310N, (CATS No.12-IRS-001384),
   f) iMac A1312100, all-in-one Monitor and Computer, (CATS No. 12-IRS-001385),
   g) Seagate Free Agent External Drive, SST310005FDA2E1-RK, (CATS No. 12-IRS-001386)
   h) Great Quality Desktop Computer 95064D73001Q42401318, (CATS No. 12-IRS-001387)
   i) HP DV1217 Laptop, (CATS No. 12-IRS-001388)

The defendant properties were lawfully seized by Special Agents of the Internal Revenue Service Criminal Investigation ("IRS-CI") on January 12, 2012, during the execution of a federal search and seizure warrant and consensual searches at 4632 Shiloh Mill Boulevard, Jacksonville, FL 32246; 3390 Kori Road, Suite 5, Jacksonville, FL 32257; and 10347 Nakema Drive, Jacksonville, FL 32257.

2. The Defendants IPad, A1337; HP Pavilion Computer; A1310N; Macbook Air Computer; and approximately $2,574.07 in U.S. Currency (converted from Iraqi Dinar) were seized from 4632 Shiloh Mill Boulevard, Jacksonville, Florida.

3. The Defendants HP Pavilion Computer Tower, A1310N; iMac A1312100, all-in-one Monitor and Computer; and Seagate Free Agent External Drive, SST310005FDA2E1 were seized from 3390 Kori Road, Suite 5, Jacksonville, Florida.

4. The Defendants Great Quality Desktop Computer 95064D73001Q42401318; and HP DV1217 Laptop were seized from 10347 Nakema Drive, Jacksonville, Florida.

5. The funds constituting approximately $2,574.07 in U.S. Currency (converted from Iraqi Dinar) are presently in the custody of the federal government in a U.S. Department of the Treasury suspense account.  The remaining defendant properties are in the custody of the federal government at the IRS-CI offices in Jacksonville, Florida.

6. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

7. This Court has <u>in rem</u> jurisdiction over the defendant properties pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and pursuant to 28 U.S.C. § 1395, because the action accrued in this district.

9. The Court will have control over the defendant properties pursuant to the service of an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Fed. R. Civ. P. G(3)(c).

## II. BASIS OF FORFEITURE: FORFEITURE UNDER 18 U.S.C. § 981 FOR VIOLATIONS OF 18 U.S.C. §§ 1956 AND 1957 INVOLVING THE SPECIFIED UNLAWFUL ACTIVITY OF WIRE FRAUD, 18 U.S.C. § 1343

10. The United States repeats and realleges paragraphs 1-9.

11. The defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981 as property associated with money laundering in violation of 18 U.S.C. §§ 1956 and 1957, and wire fraud in violation of 18 U.S.C. § 1343.

12. The defendant property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), because it was involved in transactions or attempted transactions, or is traceable to such transactions, in violation of 18 U.S.C. §§ 1956 and 1957.

13. The defendant property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), because it constituted or was derived from proceeds traceable to a violation of 18 U.S.C. §§ 1956 and 1957.

14. The defendant property was used to conduct financial transactions, in violation of 18 U.S.C. §§ 1956 and 1957, with funds representing the proceeds of the following unlawful activity: Wire Fraud, in violation of 18 U.S.C. § 1343.

## III. FORFEITURE COUNT: THE DEFENDANT PROPERTIES' INVOLVEMENT IN THE FRAUDULENT INVESTMENT SCHEME

15. The IRS-CI conducted a Title 18 conspiracy and money laundering and Title 31 structuring investigation of the claimant Maribel Coenen ("M. Coenen"), Rudolph M. Coenen ("R. Coenen"), Bradford L. Huebner ("Huebner"), Charles N. Emmenecker ("Emmenecker"),

and Michael L. Teadt ("Teadt"). The investigation focused on a scheme designed to defraud investors through the sale of Iraqi dinar currency and investments relating to Iraq and other countries in the Middle East block of countries.

16. R. Coenen and M. Coenen live in Jacksonville, Florida, and operate Bayshore Capital Investments, LLC ("Bayshore"). The Coenens represent Bayshore to be an investment firm specializing in the sale and management of two hedge funds known as Iraqi Horizons Investment Fund, LP, and Emerging Markets Capital Fund, LP. R. Coenen has also been known to operate the investment firm and offer the sale of securities under the names Emerging Gains; Coenen Diversified Investments, LLC; and CDI Financial, Inc.

17. Huebner is the owner and operator of The BH Group ("BH Group"), which is dba Energy Saver Advisers, LLC. Huebner represents BH Group to be a currency dealer specializing in the sale of Iraqi dinar and investments relating to Iraq. BH Group is the exclusive marketer for the hedge funds offered for sale by Bayshore Capital Investments, LLC. Teadt is an employee of BH Group. Emmenecker is a material participant in the operation of BH Group and in the sale of Bayshore hedge funds.

18. BH Group began to engage in the sale of Iraq dinar on or about December, 2009. The BH Group also began to market the two Iraqi hedge funds offered by Bayshore. Investors who "join" BH Group are required to purchase Iraq dinar before they become eligible to purchase a "seat" on the Bayshore funds. BH Group conducts weekly telephone conference calls with its investors. Huebner, R. Coenen, and others associated with BH Group or Bayshore make fraudulent misrepresentations during the conference calls concerning the value of the Iraqi dinar and the value and existence of the Iraqi hedge funds.

19. In April, 2011, an IRS-CI undercover agent enrolled as a member of BH Group on its website. The enrollment enabled the agent to attend a "Hedge Fund 101" presentation at the Seagate Center in Toledo, Ohio, on May 7, 2011. At the time of the presentation, the undercover agent made the purchase of $980 of Iraqi dinar from Huebner, who referred the agent to Teadt to complete the transaction. The presentation was made by both Huebner and Coenen and focused on opportunities presented as investment positions in the Iraqi hedge funds purportedly controlled by Bayshore. In June, 2011, the undercover agent completed a Bayshore application and mailed the application, along with the $750 nonrefundable registration fee to Bayshore. The address shown for Bayshore on the application was the address of BH Group. After the payment of the fee, the undercover agent received an e-mail entitled "BH Group Hedge Fund Seating Assignment" from brad@thebhgroup.com. In July, 2011, the $750 check written by the undercover agent was deposited into a Bayshore Capital Investments, LLC, account held at Wells Fargo Bank.

20. For the period beginning March 29, 2011, through July 31, 2011, a total of $710,142.71 was deposited into the Wells Fargo bank account in the name of Bayshore. Ninety seven percent of the total deposits can be directly traced to individual hedge fund seat applications. A check dated May 13, 2011, in the amount of $65,109, was paid to BH Group from Bayshore's Wells Fargo account. This check appears to represent finder fees and expenses associated with the sale of the Iraqi hedge fund "seats".

21. On May 20, 2011, R. Coenen negotiated with Above and Beyond Motors for the purchase of a 2008 Hyundai Santa Fe for $18,785. After the negotiation, R. Coenen left the dealership to go to the bank to withdraw currency to complete the transaction. A review of the

Bayshore Wells Fargo bank statements shows that on May 20, 2011, R. Coenen withdrew $25,000.

22. Bayshore is part of a wire fraud scheme to collect funds from investors who believe they are investing in an Iraqi hedge fund. Funds from the investors are deposited into the Bayshore bank account at Wells Fargo Bank and used to pay R. Coenen's personal expenses in addition to the expenses that keep the fraud scheme in operation.

23. The defendant property was used in furtherance of the wire fraud scheme and to conduct financial transactions in furtherance of the fraud scheme perpetrated by M. Coenen, R. Coenen, Huebner, Emmenecker, and Teadt.

24. The defendant property also represents property derived from the proceeds of the fraud scheme perpetrated by M. Coenen, R. Coenen, Huebner, Emmenecker, and Teadt.

25. On March 9, 2012, the IRS-CI sent notices of administrative forfeiture to R. Coenen, M. Coenen, Bayshore Capital, Huebner, and Emmenecker, individually, pursuant to 18 U.S.C. § 981.

26. M. Coenen, and no others, submitted a claim dated April 13, 2012, contesting the administrative forfeiture of the defendant properties.

27. By reason of the foregoing, the defendant properties are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), as property involved in a transaction or constituting or derived from proceeds traceable to a violation of 18 U.S.C. §§ 1956 or 1957.

## IV. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant properties and forfeiting them to the United States of America, and providing that the defendant properties be delivered into the custody of the IRS-CI,

for disposition according to law, and for such other relief as this Court may deem proper. The United States reserves the right to amend this Complaint as additional facts become known in the course of discovery or otherwise.

>Respectfully submitted,
>
>STEVEN M. DETTELBACH
>UNITED STATES ATTORNEY

By:  /s/ Guillermo J. Rojas
>Guillermo J. Rojas,
>Assistant U.S. Attorney
>Reg. No. 0069882
>Four Seagate, Suite 308
>Toledo, Ohio 43604-2624
>Phone/Fax: (419) 259-6376/6360
>Guillermo.Rojas@usdoj.gov

## VERIFICATION

I, Erik L. Kost, am a Special Agent with the Internal Revenue Service and the case agent assigned to this case. I have read the contents of the foregoing Verified Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this   12   day of July, 2012.

> /s/ Erik L. Kost
>Erik L. Kost
>Special Agent
>Internal Revenue Service

## CERTIFICATE OF SERVICE

  I hereby certify that on July __12__, 2012, the foregoing Complaint was filed electronically.  Personal Notice of this Complaint will be sent by Certified U.S. Mail to the known claimant, listed below.  In addition, Public Notice of this Complaint will be posted for 30 days on the government website, www.forfeiture.gov, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Maribel Coenen, *pro se*
4632 Shiloh Mill Boulevard
Jacksonville, FL 32246
  Claimant

      /s/ Guillermo J. Rojas
      Guillermo J. Rojas
      Assistant U.S. Attorney